PINCUS BRECHER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 52741.    Promulgated April 6, 1933.

*Leo Sobel, C. P. A.,* for the petitioner.
*John E. Marshall, Esq.,* for the respondent.

OPINION.

VAN FOSSAN: The respondent determined the following deficiencies and penalties due from petitioner:

| Year | Deficiency | Penalty |
|---|---|---|
| 1926 | $2,660.84 | $1,330.42 |
| 1927 | 4,299.37 | 2,149.69 |
| 1928 | 59,467.39 | 44,600.55 |

Petitioner makes only one allegation, phrased as follows: The Commissioner of Internal Revenue has completely disregarded actual disbursements which represent contra charges to the deposits in question arising from the repayment of loans and exchanges deposited as follows:

| | |
|---|---|
| 1926 | $44,366.10 |
| 1927 | 41,776.50 |
| 1928 | 279,949.12 |

The respondent computed the alleged income of petitioner by reference to large unexplained bank accounts. Petitioner contends generally that substantially all of the entries were explainable as loans and repayments.

The record in the case is confusing and contradictory throughout, and in some respects unintelligible. It is filled with statements about loans, repayments, exchanges, double exchanges, deposits and redeposits, without adequate explanations or definitions. At the hearing petitioner's counsel was specifically advised that petitioner must relate the various checks introduced and items inquired about

to the items on the bank statements. Disregarding this admonition, counsel failed entirely to establish the relationship between deposits and alleged repayments. In response to inquiry as to specific items petitioner's frequent reply was, "I don't remember." To other questions petitioner replied in qualified terms, seldom directly or unequivocally.

Moreover, it was brought out that in an examination under oath before a referee in bankruptcy, when inquiry was made as to many of the same items here under scrutiny, the replies of petitioner were directly opposed to his present answers and, on question by the presiding Member, the petitioner admitted that he gave false testimony before the referee. The reason assigned for so doing was that the truth would have hurt his business.

It would serve no useful purpose to attempt a detailed narration of the evidence. The record establishes that petitioner had bank deposits showing hundreds, perhaps thousands, of entries, aggregating hundreds of thousands of dollars. Throughout the taxable years petitioner was continuously engaged in these financial transactions. It overtaxes credulity to believe that this was merely a pastime from which no profit was derived. Nevertheless, petitioner claims his sole income was a small salary from the firm with which he was connected. His allegation that the deposits were all loans, each being offset by a repayment, is not sustained by the proof. On the record before us petitioner has not proved that respondent's determination of income was incorrect. The testimony and all reasonable inferences therefrom tend to corroborate the finding. Therefore, we affirm the deficiencies.

As to the fraud penalties, the record shows that an oath means nothing to the petitioner; that he would give false testimony if he thought the truth would hurt his business. The maxim, "*falsum in uno, falsum in omnibus*," may be a harsh rule, but here it seems justified. In *M. Rea Gano*, 19 B. T. A. 518, we said:

> To establish fraud by direct proof of intention is seldom possible. Usually it must be gleaned from the several transactions in question and the conduct of the taxpayer relative thereto.

We also said in that case: "A failure to report for taxation income undoubtedly received, such action being predicated on a patently lame or untenable excuse, would seem to permit of no difference of opinion. It evidences a fraudulent purpose." Here we are fully convinced that petitioner understated his income with intent to evade tax in the years in which he made returns. It follows that penalties for fraud were properly added to the deficiencies for the years 1926 and 1927.

The petitioner filed no return for 1928. The law (section 291, 1928 Act[1]) requires the Commissioner in such a case to add 25 per cent of the tax found due for such failure to file. This action is mandatory (*Rogers Hornsby*, 26 B. T. A. 591), and constitutes a separate liability from the fraud penalty under section 293 (b)[2] of the same act. The respondent determined a penalty of 25 per cent for failure to file a return and a further penalty of 50 per cent for fraud. The record proves fraud. Therefore, both penalties were correctly determined. The action of the respondent is approved in all respects.

Reviewed by the Board.

*Decision will be entered for the respondent.*

---

[1] SEC. 291. FAILURE TO FILE RETURN.

In case of any failure to make and file a return required by this title, within the time prescribed by law or prescribed by the Commissioner in pursuance of law, 25 per centum of the tax shall be added to the tax, except that when a return is filed after such time and it is shown that the failure to file it was due to reasonable cause and not due to willful neglect no such addition shall be made to the tax. The amount so added to any tax shall be collected at the same time and in the same manner and as a part of the tax unless the tax has been paid before the discovery of the neglect, in which case the amount so added shall be collected in the same manner as the tax. The amount added to the tax under this section shall be in lieu of the 25 per centum addition to the tax provided in section 3176 of the Revised Statutes, as amended.

[2] SEC. 293. ADDITIONS TO THE TAX IN CASE OF DEFICIENCY.

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

(b) FRAUD.—If any part of any deficiency is due to fraud with intent to evade tax, then 50 per centum of the total amount of the deficiency (in addition to such deficiency) shall be so assessed, collected, and paid, in lieu of the 50 per centum addition to the tax provided in section 3176 of the Revised Statutes, as amended.