OLLIE V. KESSLER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 87292. Promulgated March 23, 1939.

*Mahlon C. Masterson, Esq.*, for the petitioner.
*R. C. Whitley, Esq.*, for the respondent.

647

OPINION.

BLACK: This proceeding presents two issues: (1) Whether the respondent erred in determining that petitioner received certain income from the Mercur Corporation for each of the years 1927 to 1931, inclusive, and (2) whether the respondent erred in determining that at least some if not all of the deficiency for each of the years 1927 to 1931, inclusive, was due to fraud with intent to evade tax. The burden of proof as to the first issue is upon petitioner. *Avery v. Commissioner*, 22 Fed. (2d) 6. The burden of proof as to the second issue is upon the respondent. Sec. 601, Revenue Act of 1928.

At the hearing before the Board petitioner was represented by counsel, but petitioner himself did not appear. Petitioner's counsel offered no evidence. In his brief in support of his contention that petitioner received no income from the Mercur Corporation, he relies upon certain portions of Exhibit E introduced in evidence by the respondent, and the pleadings in a suit at law No. 82875 filed by the United States against petitioner in the Supreme Court of the District of Columbia to recover $1,913.18 as salary paid to petitioner under an alleged mistake of fact from February 21 to September 30, 1927, which suit was later discontinued upon motion of the Government. The pleadings in that suit were attached to petitioner's brief as Exhibit A but were not introduced in evidence and must, therefore, be disregarded. *James A. Bradley*, 4 B. T. A. 1179.

Exhibit E introduced in evidence by the respondent is an affidavit made by petitioner as affiant which he filed with the respondent

while petitioner's tax liabilities for the years 1927 to 1931, inclusive, were being considered in the respondent's office prior to the respondent's final determination of the deficiencies and the additions to the tax here in question. This affidavit has been included in our findings of fact. Attached to this affidavit is a letter written by the Mercur Corporation to the Secretary of War under date of August 23, 1932. That part of the letter specifically relied upon by petitioner as proof that he received no income from the Mercur Corporation is as follows:

At first Mercur Corporation was given to understand that this monthly charge represented the salary of the senior Government auditor. However, in September 1927 Mercur Corporation was notified by the senior Government auditor that in the future the proportion ($300) representing his salary would be transferred back to the Washington payroll and so thereafter discontinued in the Mercur Corporation accounts, but that his per diem allowance of $210 per month, being the stated regular allowance made to him on duty away from his home station at Washington, would continue to be paid through the Mercur Corporation accounts. The salary payments of $300 per month were thereupon immediately discontinued.

After the supervision of the operations was transferred from the quartermaster supply officer, Army base, to the corps area quartermaster, Governors Island, the question seems to have first arisen in the Department as to the status of the senior Government auditor as to whether or not he could any longer be considered as being away from his home station and so entitled to the per diem allowance. Under the date of March 3, 1931, Mercur Corporation was notified by the corps area quartermaster that thereafter no payments should be made on accounts pertaining to the Government auditor and his office, except for salaries, rental, of the office, telephone or water, without the prior approval of the office of the corps area quartermaster. After further consideration, this order was modified by the corps area quartermaster on April 3, 1931, so as specifically to authorize the continued payment of the per diem allowance of $210 per month. On June 23, 1931, this order was further modified so as to eliminate for the future the per diem allowance, but on July 2, 1931, the corps area quartermaster reinstated the per diem allowance for the month of July 1931. These payments were discontinued entirely after July 1931. The payments covering the salary and per diem allowance paid to the senior Government auditor were included in the monthly reports submitted by Mercur Corporation regularly to the War Department. Such accounts were audited by the designated officials of the Department and Mercur Corporation was advised from time to time of the approval of the accounts and audits by the office of the Quartermaster General and the Secretary of War. We contend that the payments questioned were made under the instructions of the duly authorized representatives of the War Department, audited and approved by the War Department, were properly made by Mercur Corporation, and are properly chargeable in the operating expenses under the lease, and cannot properly be charged back to Mercur Corporation.

It is our opinion that the above excerpt from the letter dated August 23, 1932, is of no particular help to petitioner on the question of the correctness of respondent's determination of the deficiencies

in question. This letter shows clearly that petitioner did receive from Mercur Corporation for a considerable period, $210 per month as per diem allowance, also salary of $300 per month for several months in 1927. The applicable regulations under the Revenue Acts of 1926 and 1928 are article 102 of Regulations 69 and article 122 of Regulations 74, respectively. The material part of these articles is identical and is as follows:

(b) If an individual receives a salary and is also repaid his actual traveling expenses, he shall include in gross income the amount so repaid and may deduct such expenses.

(c) If an individual receives a salary and also an allowance for meals and lodging, as, for example, a per diem allowance in lieu of subsistence, the amount of the allowance should be included in gross income and the cost of such meals and lodging may be deducted therefrom.

Petitioner has not shown that he was entitled to any per diem allowance in lieu of subsistence, and, even if he had proved himself to be so entitled, any amount so received would first have to be included in gross income and only the actual cost to petitioner of the expenses intended to be provided for in the per diem allowance, concerning which petitioner has offered no evidence, could be deducted therefrom.

Petitioner admits that during the taxable years in question he received a per diem allowance of $210 per month from the Mercur Corporation for a period of 51 months, but he contends that none of these payments were includable in his gross income. In support of this proposition he cites *Smith* v. *United States*, 158 U. S. 346, affirming 26 Ct. Cls. 568. We have examined that case and find that it has nothing whatever to do with taxation. It is not in point. Under sections 213 of the Revenue Act of 1926 and section 22 of the Revenue Act of 1928, and the applicable regulations which we have already quoted, petitioner would have to include in his gross income for the appropriate taxable years the 51 monthly payments of $210 per month which he received from the Mercur Corporation. Then, if petitioner had certain expenses such as meals, lodging, etc., which were incurred while away from home in the pursuit of his trade or business, these would be deductible upon a proper showing made. See section 23 of the Revenue Act of 1928 and the corresponding section in the 1926 Act.

Of course petitioner's failure to testify in his own case does not relieve respondent from carrying his full burden of proof on the issue of fraud, but it does prevent us from giving petitioner any deductions except those which have been allowed by the Commissioner in the deficiency notice. If there are any other deductions to which petitioner is entitled, it was his burden to appear at the hearing and

prove them. This he failed to do. We affirm the Commissioner's determination of the deficiencies for lack of evidence to overcome the presumption of their correctness.

Regarding the second issue, relating to fraud, the respondent has affirmatively proved that petitioner received a net income for each of the years in question, exclusive of the so-called per diem payments received from the Mercur Corporation, which was considerably in excess of his personal exemption.

Petitioner, in his reply to respondent's affirmative allegations of fraud, admits that during the taxable years he was employed as an auditor in the War Department of the United States Government, from which he received a salary, and admits that he received large amounts for per diem expenses, but alleges that the moneys received as per diem were paid on account of expenses in connection with official Government business; and denies that he received large amounts of income from the Mercur Corporation under the guise of per diem expenses which required the filing of Federal income tax returns, and denies that with intent to evade tax he willfully failed to file income tax returns for the taxable years 1927 to 1931, inclusive.

Section 223 of the Revenue Act of 1926 reads in part as follows:

SEC. 223. (a) The following individuals shall each make under oath a return stating specifically the items of his gross income and the deductions and credits allowed under this title—

\*        \*        \*        \*        \*        \*        \*

(2) Every individual having a net income for the taxable year of $3,500 or over, if married and living with husband or wife; and

(3) Every individual having a gross income for the taxable year of $5,000 or over, regardless of the amount of his net income.

Section 51 of the Revenue Act of 1928 reads the same.

Article 301 (b) of Regulations 69, applicable to the Revenue Act of 1926, reads as follows:

(b) Under the Revenue Act of 1926 a single person is entitled to a personal exemption of $1,500 and the head of a family or a married person living with husband or wife to $3,500, regardless of the amount of the net income. A husband and wife living together have but one personal exemption, which is $3,500. If they make separate returns, such exemption may be taken by either or divided between them.

Article 291 (b) of Regulations 74, applicable to the Revenue Act of 1928, reads the same as the above.

Section 275 (b) of the Revenue Act of 1926 and section 293 (b) of the Revenue Act of 1928 are, for all material purposes, identical and provide as follows:

(b) *Fraud.*—If any part of any deficiency is due to fraud with intent to evade tax, then 50 per centum of the total amount of the deficiency (in addition to such deficiency) shall be so assessed, collected, and paid, in lieu of the 50 per centum addition to the tax provided in section 3176 of the Revised Statutes, as amended.

In *M. Rea Gano*, 19 B. T. A. 518, we said:

A failure to report for taxation income unquestionably received, such action being predicated on a patently lame and untenable excuse, would seem to permit of no difference of opinion. It evidences a fraudulent purpose.

In the instant proceeding petitioner did not appear at the hearing before the Board and offered no excuse whatever for his failure to report for taxation the income affirmatively proved by the respondent as having been received by petitioner. In *Henry H. Epstein*, 34 B. T. A. 925, the petitioner there failed and neglected to file any income tax return for the year 1925, although he had a net income in excess of his personal exemption for that year. In that case we found that the deficiency was due to fraud with intent to evade tax. In the instant proceeding we have found as a fact that a part of the deficiency for each of the years 1927 to 1931, inclusive, was due to fraud with intent to evade tax. We think the evidence supports that finding. Cf. *Bell Lumber Co.*, 2 B. T. A. 564; *Pincus Brecher*, 27 B. T. A. 1108; *Joseph Buchhalter*, 29 B. T. A. 600.

In arriving at the conclusion, here reached, we have assumed, as petitioner's counsel argues in his brief, that petitioner's failure to report as taxable income the $210 per diem allowance monthly payment which he received from the Mercur Corporation was due to petitioner's belief that these sums were not taxable income in view of the fact that they were paid him for subsistence. It may well be that petitioner believed in good faith that he did not have to report these amounts for taxation. That seems to be the purport of his affidavit which was filed with the Commissioner and is in evidence. But certainly petitioner must have known that the salary which he received from the United States Government for his services as senior auditor in the War Department was taxable.

Petitioner admits that he received from the United States Government a salary of $3,306.87 in 1927 and also the proof shows that he received $1,500 in salary in that year from the Mercur Corporation. Notwithstanding he received these two amounts as salary which aggregated $4,806.87 and was entitled to only $1,818.37 personal exemption, the part of the $3,500 personal exemption granted to married persons which the Commissioner has apportioned to petitioner in 1927, the correctness of which apportionment petitioner has not attacked, petitioner filed no income tax return for 1927. A similar situation, as will be seen from an examination of our findings of fact, prevailed to a more or less degree for each of the other taxable years.

Therefore, we must hold, under the authorities above cited, that at least a part of the deficiency in each year is due to fraud with intent to evade the tax. And, whenever the Commissioner has proved that a part of the deficiency is due to fraud with intent to evade the tax, then the 50 percent fraud penalty attaches to the entire deficiency, even

though some of it is based upon income the failure to report which was not due to fraud with intent to evade the tax. *Russell C. Mauch,* 35 B. T. A. 617.

The additions to the tax of 25 percent for failure to file returns is not contested.

*Decision will be entered for the respondent.*

