Robert D. Richards v. Commissioner.
Richards v. Commissioner
Docket No. 54859.
United States Tax Court
T.C. Memo 1956-168; 1956 Tax Ct. Memo LEXIS 123; 15 T.C.M. (CCH) 885; T.C.M. (RIA) 56168; July 19, 1956
*123 Paul J. Henry, Esq., for the respondent. OPPER
Memorandum Findings of Fact and Opinion OPPER, Judge: Respondent determined deficiencies in income taxes and additions to taxes for fraud and failure to file returns as follows: Additions
Additions
to Tax for
Calendar
Income
to Tax
Failure to
Year
Tax
for Fraud
File Return
1946
$6,977.47
$3,488.74
$1,297.67
1947
8,077.87
4,038.93
1,452.12 No appearance was made at the hearing by or on behalf of petitioner. Respondent introduced evidence for the purpose of sustaining his burden of proof and upon that evidence the following facts are found. Findings of Fact During the calendar years 1946 and 1947 petitioner lived in Dorchester, Massachusetts, and was employed as a salesman by the John L. Murphy Company of that city. He filed no income tax returns for either year. During those years he received income from salary and commissions in the respective amounts of $17,761.27 and $16,806.19. In addition, he sold automobiles for amounts in excess of their invoice prices, retaining 25 per cent of such excess and turning over to his employer the remaining 75 per cent. The amounts *124 received in excess of the invoice price of automobiles and the amounts retained by petitioner were not reported on the books of the John L. Murphy Company. Petitioner received unreported income for the calendar years 1946 and 1947 in the amounts determined by respondent; failure to file returns for the years 1946 and 1947 was due to willful neglect and not to reasonable cause; and part of the deficiencies due from petitioner for each of those years is due to fraud with intent to evade tax. Opinion The foregoing findings of fact dispose of the only issues. Petitioner's receipt of large sums of income in each of the 2 years involved and his failure to file returns for either of those years, as appears from the findings, is clear evidence of a fraudulent purpose. See Ollie V. Kessler, 39 B.T.A. 646; Pincus Brecher, 27 B.T.A. 1108. Certainly this is true in the absence of some explanation, and since none was forthcoming, the finding of fraud is amply warranted. See M. Rea Gano, 19 B.T.A. 518; Arthur M. Slavin, 43 B.T.A. 1100. The statute of limitations does not apply to the deficiencies because of the failure to file returns. *125 Absence of any explanation has also led to our conclusion that the omission to file returns was due to willful neglect and not to reasonable cause. Respondent's motion for entry of decision taken under advisement at the hearing is accordingly granted. Decision will be entered for the respondent.