John Platon v. Commissioner.
Platon v. Commissioner
Docket No. 73075.
United States Tax Court
T.C. Memo 1961-50; 1961 Tax Ct. Memo LEXIS 296; 20 T.C.M. (CCH) 278; T.C.M. (RIA) 61050; February 27, 1961
*296 Laurence W. Hall, Esq., Tenney Bldg., Madison, Wis., for the petitioner. James T. Wilkes, Jr., Esq., and Rex A. Guest, Esq., for the respondent. OPPER
Memorandum Findings of Fact and Opinion OPPER, Judge: Respondent determined deficiencies in income tax and additions to tax for 1944-1947 as follows: Additions
Income
Section
Section
Year
Tax
293(b)
294(d)(2)
1944
$14,916.05
$ 7,458.03
$ 934.50
1945
24,334.01
12,167.01
1,507.33
1946
18,114.74
9,057.37
1,077.51
1947
15,688.28
7,844.14
855.23 Not all of the deficiencies are in controversy. The issue are whether the additions to tax for fraud and substantial underestimation were properly applied and the amounts of the income tax deficiencies due. Findings of Fact The stipulated facts are found. Petitioner filed timely Federal income tax returns for the years 1944, 1945, 1946 and 1947 with the collector of internal revenue at Milwaukee, Wisconsin. During these years petitioner was engaged in the women's ready-to-wear business in Madison, Wisconsin, under the name of Cinderella Frocks, which was a sole proprietorship. Cinderella Frocks was started by petitioner *297 in about 1925. Petitioner maintained the books and records of the business, which included a ledger, purchase journal, inventory record, payroll record, miscellaneous expense book and sales journal. In the back of the sales journal petitioner kept a series of figures which represented daily sales, and a second series of figures which represented daily gross profit. On his returns for the years in question petitioner reported gross receipts as follows: 1944
$130,205.05
1945
140,349.68
1946
138,195.31
1947
145,469.57
In the memorandum record of sales kept in the back of the sales journal petitioner recorded receipts in the amounts of: 1944
$144,041.35
1945
157,239.40
1946
152,430.57
The gross profits of Cinderella Frocks, as reported on petitioner's tax returns for the years 1944 through 1947, were as follows: 1944
$20,148.82
1945
20,721.86
1946
21,146.32
1947
15,749.73
Gross profits, as listed in the back of petitioner's sales journal for the years 1944 through 1946, were as follows: 1944
$47,518.62
1945
55,967.22
1946
50,386.48
At one time petitioner attended the Madison Vocational School *298 in Madison, Wisconsin, and studied salesmanship, economics, business English, business arithmetic, accounting and mathematics. During the course of respondent's examination of petitioner's tax returns during the year 1947, the sales journal was in the possession of a deputy collector and on one occasion petitioner asked that the sales journal be returned to him. When he again returned the sales journal to the deputy collector, the pages in the back containing the gross profit and sales records had been removed. Before petitioner removed the pages from the sales journal, the internal revenue agents had made transcripts of the pages on adding machine tapes. No transcript was made of the entries for the partial year 1947. Subsequent to the investigation and prior to trial of this case, petitioner either lost or destroyed his books and records. During the years 1944 through 1947 petitioner made bank deposits in the following amounts: 1944
$143,236.86
1945
187,527.85
1946
170,110.93
1947
225,957.87 With the exception of the following amounts, the bank deposits as listed above were derived from the sales of the business known as Cinderella Frocks: 1944
$ 2,011.26
1945
25,613.17
1946
14,951.08
1947
83,821.42
*299 In addition to the funds deposited as listed above, petitioner, operating as Cinderella Frocks, paid out the following amounts in cash in the years indicated, which amounts were at no time deposited to petitioner's bank accounts and were derived from the sales of the business known as Cinderella Frocks: 1944
$16,577.70
1945
14,878.26
1946
18,169.37
1947
17,005.05
On June 20, 1955, petitioner was convicted on a plea of nolo contendere of unlawfully, willfully and knowingly attempting to defeat and evade a large part of the income tax due and owing by him to the United States of America for the calendar year 1945 by filing and causing to be filed with the collector of internal revenue for the district of Wisconsin at Milwaukee, Wisconsin, a false and fraudulent income tax return. Petitioner failed to report receipts from the business of Cinderella Frocks during the years 1944 through 1947 in not less than the following respective amounts: 1944
$27,369.80
1945
35,245.36
1946
29,240.16
1947
13,671.93
Each of the deficiencies due from petitioner for each of the taxable years 1944 through 1947, inclusive, is due at least in part to fraud *300 with intent to defeat and evade tax under the provisions of section 293(b), I.R.C. 1939. Petitioner is liable for each of the years 1944 through 1947 to the addition to tax imposed by the provisions of section 294(d)(2) for substantial underestimation of estimated tax. Adjustments increasing inventory and decreasing cost of goods sold as of December 31, 1946 and December 31, 1947, in the respective amounts of $3,940.23 and $24,301.03, were properly determined by respondent. Opinion Petitioner virtually admits that he materially understated his income.[1] The record as a whole demonstrates, as we have found, that he did so in large amounts consistently over the 4 years before us. This alone would be substantial evidence of fraud. Arlette Coat Co., 14 T.C. 751 (1950). In addition, his excuse is itself a proclamation of fraudulent conduct, [2]Pincus Brecher, 27 B.T.A. 1108 (1933); he kept two sets of records, see Spies v. United States, 317 U.S. 492 (1943), he subsequently destroyed some and at least lost others, see Spies v. United States, supra; Lillian Kilpatrick, 22 T.C. 446 (1954), affd., 227 F. 2d 240 *301 (C.A. 5, 1955), and his own testimony in attempted refutation was not only unpersuasive and inconclusive, but is subject to suspicion, to say the least, by reason of his criminal conviction. Lillian Kilpatrick, supra.We have accordingly found that some part of each deficiency was due to fraud with intent to evade tax and we think respondent has so demonstrated by clear and convincing evidence. There is no claim that any statute of limitations is involved, and it is accordingly sufficient for a part of the deficiencies to *302 be attributable to fraud. Petitioner appears to proceed under the mistaken assumption that "[the] fraud penalty, of course, is based on the amount of taxes withheld with intent to defraud." There can be no doubt on this record that some part of each of the deficiencies was due to fraud, and that suffices for the statute to fasten on the entire deficiency. Sec. 293, I.R.C. 1939. This emphasis is of some significance because a minor portion of the deficiencies was apparently the result of respondent's determination that petitioner's accounts should have been kept on an accrual basis. We do not say that if this were the only error in petitioner's returns our conclusion as to fraud would have been the same. But since petitioner had the burden as to the amount of the deficiency and introduced no reliable evidence, both the deficiencies and the additions to tax for fraud must be sustained. For similar reasons the additions to tax for substantial underestimation of tax under section 294(d)(2), I.R.C. 1939, were properly determined. Application of the statute is mandatory where petitioner has not borne the burden of proof imposed upon him to show that the underestimations did not exceed *303 20 percent. Decision will be entered for the respondent. Footnotes
1. Attached to the petition is a schedule referred to as "Analysis of taxable income and delinquent taxes for the years 1944 through 1947." Respondent's statement that this analysis is a concession by petitioner "that he failed to report a total of $52,439.54 over the course of four years" is unchallenged. Certainly, the schedules "as prepared by your petitioner's accountants" show that the conceded deficiencies due to understatements of income total $18,910 for 3 of the 4 years involved. ↩
2. He claims to have falsely inflated his inventory to obtain credit and to have violated the criminal laws of Greece in concealing the receipt of funds.↩