LEWIS V. HAMILTON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hamilton v. Commissioner
Docket No. 28631-83.
United States Tax Court
T.C. Memo 1985-357; 1985 Tax Ct. Memo LEXIS 267; 50 T.C.M. (CCH) 456; T.C.M. (RIA) 85357; July 22, 1985. *267 Held: (1) P is liable for the addition to tax for fraud for 1981 under sec. 6653(b), I.R.C. 1954. (2) The United States is entitled to an award of damages under sec. 6673, I.R.C. 1954. Keith H. Johnson, for the respondent. SIMPSON
MEMORANDUM FINDINGS OF FACT AND OPINION SIMPSON, Judge: The Commissioner determined a deficiency in the petitioner's Federal income tax for 1981 of $5,208.00 and an addition to *268 tax of $2,604.00 pursuant to section 6653(b) of the Internal Revenue Code of 1954. [1] The issues for decision are: (1) Whether the petitioner is liable for the addition to tax for fraud under section 6653(b); and (2) whether the United States is entitled to an award of damages under section 6673. FINDINGS OF FACT None of the facts have been stipulated. The petitioner, Lewis V. Hamilton, was a resident of Tampa, Fla., at the time he filed his petition in this case. During 1981 and 1982, he was a member of the Keystone Society, an organization that advocated that wages are not taxable income. He submitted tax protestor documents in lieu of a proper Federal income tax return for 1981. Such documents claimed that the petitioner received no wages in 1981. Such documents did show the interest income received by him in 1981. The five Forms W-2 submitted with such documents were all marked "incorrect." Such Forms W-2 show that the petitioner received wages totaling $22,274.94 in 1981; they also show that a total of $3,829.09 in Federal *269 income tax was withheld from his 1981 wages. The documents submitted by the petitioner also included a document entitled "Affidavit" in which he stated that the amounts shown on the Forms W-2 were not includable as income and five documents entitled "Request for Corrected Form W-2 Wage and Tax Statement" which the petitioner had allegedly sent to his 1981 employers in an attempt to have them change the amounts of wages shown on the original Forms W-2. Previously, the petitioner had filed proper tax returns. He submitted similar tax protestor documents in lieu of a proper tax return for 1982, and he subsequently refused to cooperate with the revenue agent examining his 1982 income tax liability. In addition, in 1982, the petitioner submitted Forms W-4 (Employee's Withholding Exemption Certificate) to each of his 1982 employers claiming that he was exempt from withholding. In his notice of deficiency, the Commissioner determined that the petitioner received unreported wage income in 1981 totaling $22,274.94. In addition, he determined that the petitioner was liable for the addition to tax for fraud under section 6653(b) for 1981. The notice of deficiency also contained a statement *270 informing the petitioner that wages are taxable income and that the position advocated by the Keystone Society, that wages were not includable in income, was frivolous and groundless.Such statement further informed the petitioner that if he asserted frivolous and groundless positions in a Tax Court proceeding, the Commissioner would seek an award of damages under section 6673. OPINION Before the trial of this case, the Court granted, it part, the Commissioner's motion for summary judgment and sustained the deficiency determined by him. Thus, the first issue for decision is whether the petitioner is liable for the addition to tax for fraud under section 6653(b). Section 6653(b) provides that if any part of any underpayment of tax required to be shown on a return in due to fraud, there shall be added to the tax an amount equal to 50 percent of the underpayment. The Commissioner has the burden of proving, by clear and convincing evidence, that some part of the underpayment for each year was due to fraud. Sec. 7454(a); Rule 142(b), Tax Court Rules of Practice and Procedure; Levinson v. United States,496 F.2d 651, 654-655 (3d Cir. 1974); Miller v. Commissioner,51 T.C. 915, 918 (1969). *271 The Commissioner will carry his burden if he shows that the taxpayer intended to evade taxes which he knew or believed that he owned by conduct intended to conceal, mislead, or otherwise prevent the collection of such taxes. Stoltzfus v. United States,398 F.2d 1002, 1004 (3d Cir. 1968); Webb v. Commissioner,397 F.2d 366, 377-378 (5th Cir. 1968), affg. a Memorandum Opinion of this Court; Acker v. Commissioner,26 T.C. 107, 111-112 (1956). The existence of fraud is a question of fact to be resolved upon consideration of the entire record. Gajewski v. Commissioner,67 T.C. 181, 199 (1976), affd. without published opinion 578 F.2d 1383 (8th Cir. 1978). Fraud is never presumed, but rather must be established by affirmative evidence. Beaver v. Commissioner,55 T.C. 85, 92 (1970). Circumstantial evidence is permitted where direct evidence of fraud is not available. Spies v. United States,317 U.S. 492, 499 (1943); Rowlee v. Commissioner,80 T.C. 1111, 1123 (1983); Gajewski v. Commissioner,67 T.C. at 200. Fraud may properly be inferred *272 where an entire course of conduct establishes the necessary intent. Rowlee v. Commissioner,supra;Stone v. Commissioner,56 T.C. 213, 223-224 (1971). The precise amount of underpayment resulting from fraud need not be proved. Otsuki v. Commissioner,53 T.C. 96, 105 (1969). The statute requires only a showing that "any part" of an underpayment results from fraud. However, the Commissioner must show fraud resulting in an underpayment for each taxable year in which fraud has been asserted. Otsuki v. Commissioner,supra.
In the present case, the evidence in the record clearly and convincingly establishes that the petitioner fraudulently underpaid his Federal income tax for 1981. He properly filed returns for years prior to 1981; yet, the documents that he submitted for 1981 clearly did not constitute returns within the meaning of section 6011 and the regulation thereunder. See Beard v. Commissioner,82 T.C. 766 (1984), on appeal (6th Cir., Sept. 24, 1984); Jarvis v. Commissioner,78 T.C. 646 (1982); Thompson v. Commissioner,78 T.C. 558 (1982). While *273 failure to file is not, in and of itself, conclusive evidence of fraud, such failure may properly be considered in connection with other facts in determining whether an underpayment of tax is due to fraud. Habersham-Bey v. Commissioner,78 T.C. 304, 312 (1982); Grosshandler v. Commissioner,75 T.C. 1, 19 (1980). Here, the petitioner, as evidenced by his filing of proper Federal tax returns in prior years, was fully aware of his obligation to file a return for 1981. He was likewise fully aware that he owed tax in excess of that reported on the documents he submitted for 1981. In addition, he submitted Forms W-4 to each of his 1982 employers on which he fraudulently claimed to be exempt from withholding, and he refused to cooperate with the Commissioner's agent during his examination of the petitioner's 1982 tax liability. Powell v. Granquist,252 F.2d 56, 59-62 (9th Cir. 1958). The petitioner's actions can only be described as constituting a deliberate and purposeful attempt to fraudulently underpay his Federal income tax for 1981. See Habersham-Bey v. Commissioner,supra at 310-314; Gajewski v. Commissioner,67 T.C. at 199-202; *274 Kessler v. Commissioner,39 B.T.A. 646, 652-654 (1939). For the foregoing reasons, we hold that the Commissioner has, by clear and convincing evidence, proved that the underpayment of the petitioner's 1981 tax was due to fraud. The second issue for decision is whether the United States is entitled to an award of damages under section 6673. Section 6673, as applicable to this case, provides: Whenever it appears to the Tax Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceedings is frivolous or groundless, damages in an amount not in excess of $5,000 shall be awarded to the United States by the Tax Court in its decision. * * * This Court has been faced with numerous cases, such as this one, wherein taxpayers have presented frivolous and groundless arguments asserting that wages are not taxable. Such arguments have been rejected by this and other courts on numerous occasions. See, e.g., United States v. Buras,633 F.2d 1356 (9th Cir. 1980); Rowlee v. Commissioner,80 T.C. at 1119-1122, and cases cited therein. Moreover, the petitioner *275 has continued to assert frivolous and groundless positions, and based on such positions, he refused to participate in the trial of his case. The petitioner in this case has abused the processes of this Court and wasted its resources.On the basis of the record, we conclude that the proceedings herein were instituted primarily for delay and that the petitioner's position is both frivolous and groundless. Accordingly, we award damages to the United States under section 6673 in the amount of $3,000. Decision will be entered for the respondent.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 as in effect during 1981, unless otherwise indicated.↩