MICHAEL DIFFLEY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Diffley v. Commissioner
Docket No. 28635-83.
United States Tax Court
T.C. Memo 1985-361; 1985 Tax Ct. Memo LEXIS 271; 50 T.C.M. (CCH) 465; T.C.M. (RIA) 85361; July 22, 1985. *271 Held: (1) P is not entitled to a deduction for "Nontaxable receipts." (2) P is liable for the self-employment tax. (3) Additions to tax under sec. 6653(b), I.R.C. 1954, for fraud, and sec. 6654, I.R.C. 1954, for failure to pay estimated tax, sustained. (4) The United States is entitled to an award of damages under sec. 6673, I.R.C. 1954. Michael Diffley, pro se. James W. Clark, for the respondent. SIMPSON
MEMORANDUM FINDINGS OF FACT AND OPINION SIMPSON, Judge: The Commissioner determined a deficiency in the petitioner's Federal income tax for 1981 of $18,336.00, an addition to tax of $9,168.00 pursuant to section 6653(b) of the Internal Revenue Code of 1954, [1] and an addition to tax of $1,405.00 pursuant to section 6654. After concessions, the issues for decision are: (1) Whether the petitioner is entitled to a $14,000 deduction for "Non-taxable receipts"; (2) whether the petitioner is liable for the self-employment tax; (3) whether the petitioner is liable for the addition to tax under section 6654 for failure to pay estimated tax; (4) whether the petitioner is liable for the addition to tax under *273 section 6653(b) for fraud; and (5) whether the United States is entitled to an award of damages under section 6673. FINDINGS OF FACT Some of the facts have been stipulated, and those facts are so found. The petitioner, Michael Diffley, was a legal resident of Sarasota, Fla., at the time he filed his petition in this case. He filed tax protestor type documents in lieu of a proper Federal income tax return for 1981. He also filed tax protestor type documents in lieu of a proper tax return for 1980. Prior to 1980, the petitioner filed tax returns that properly reported his taxable income and tax liability. The petitioner is a college graduate with a degree in mechanical engineering. During 1981, he was self-employed in the real estate business. The petitioner did not pay the full amount of the tax liability shown on his 1978 or his 1979 Federal income tax returns at the time that he filed such returns. As a result, the Commissioner commenced collection activities with respect to his 1978 and 1979 income tax liabilities. The petitioner's final *274 payment of his 1978 income tax liability was received by the Commissioner on February 28, 1980; the final payment of his 1979 income tax liability was received by the Commissioner on May 22, 1981. The petitioner did not cooperate with the revenue agent who examined his 1980 income tax liability. Subsequently, a notice of deficiency was issued to the petitioner for 1980, in which the Commissioner determined a deficiency of $14,309.90, an addition to tax under section 6651(a)(1) for failure to timely file a tax return, and an addition to tax under section 6653(a) for negligence or intentional disregard of rules and regulations. The petitioner petitioned this Court for a redetermination of the deficiency and the additions to tax. The opinion of this Court ( Diffley v. Commissioner,T.C. Memo. 1984-372) was filed July 19, 1984. In lieu of a proper Federal income tax return for 1981, the petitioner submitted to the Commissioner a document which resembled an official Form 1040, except that there were numerous alterations, including: (1) The heading entitled "Income" was obliterated and replaced with the heading "Receipts," (2) the heading entitled "Adjustments to Income" *275 was obliterated and replaced with the heading "Adjustments to Receipts," and (3) in the section of the document headed "Adjustments to Receipts," there was a line for "Non-taxable receipts." On a number of other lines, various United States Supreme Court and Tax Court cases were listed. On the altered Form 1040 that the petitioner submitted for 1981, he reported, as "Receipts," business income of $23,020. This figure was taken from the petitioner's Schedule C (Profit (or Loss) From Business or Profession) where he reported total income from his self-employment activities of $46,819, total deductions of $23,799, and a net profit of $23,020. As an "Adjustment to Receipts," he reported $14,000 as "Non-taxable receipts." The petitioner calculated his "Non-taxable receipts" by subtracting all his business expenses and itemized deductions from his gross receipts. Thus, the form showed adjusted gross income of $9,020. From this amount, the petitioner subtracted $5,110 in excess itemized deductions and $1,000 for a single exemption. This calculation resulted in taxable income of $2,910. The petitioner obliterated the words "under penalties of perjury" from the documents that he submitted *276 in lieu of proper tax returns for 1980 and 1981 before he signed and mailed them to the Internal Revenue Service Center in Atlanta. The petitioner attached the following "Addendum" to the altered Form 1040 that he submitted in lieu of a proper tax return for 1981: I am submitting this tax return with the understanding that this information is required and compelled by the United States Government, and failing to supply this information could subject me to criminal prosecution. I reserve the right to take the fifth amendment to each and every question on this return. The information in this return is not to be given to any other agency of the Federal Government without my expressed written consent. Please make this a part of 1981 return. To the Schedule SE (Computation of Social Security Self-Employment Tax), which was one of the documents submitted by the petitioner for 1981, and on which he calculated that he had no self-employment tax liability for 1981, the petitioner attached the following "Addendum": Taxpayer is exempt from Social Security Self Employment Tax for the following two reasons: 1. Social Security Tax is a direct tax that has been levied without apportionment *277 and is therefore clearly unconstitutional. 2. The government has clearly violated the public trust by bankrupting the Social Security system, therefore a law that does not work on its face is clearly null and void. The petitioner did not cooperate with the revenue agent who examined his 1981 income tax liability. In his notice of deficiency, the Commissioner determined that the petitioner had received unreported income in 1981 of $46,819 and that the petitioner was liable for the self-employment tax for 1981. He also determined that the petitioner was liable for the addition to tax under section 6653(b) for fraud and the addition to tax under section 6654 for failure to pay estimated tax. OPINION Prior to trial, the parties agreed to the deductions that the petitioner was entitled to claim for 1981. Thus, the first issue for decision is whether the petitioner is entitled to a $14,000 deduction for "Non-taxable receipts." The petitioner claims this deduction based on the "theory" that he received this amount in an equal exchange for his labor which did not involve any "taxable gain." There is no basis for the petitioner's contention. See Beard v. Commissioner,82 T.C. 766 (1984), *278 on appeal (6th Cir., Sept. 24, 1984); Rowlee v. Commissioner,80 T.C. 1111 (1983). Accordingly, we hold that he is not entitled to any deduction for "Non-taxable receipts." The second issue for decision is whether the petitioner is liable for the self-employment tax. On this issue, we find the petitioner's constitutional arguments to be frivolous and groundless; he has made no genuine argument that he is exempt from the self-employment tax. See Helvering v. Davis,301 U.S. 619 (1937); Steward Machine Co. v. Davis,301 U.S. 548 (1937); Henson v. Commissioner,66 T.C. 835 (1976). Accordingly, we hold that the petitioner is liable for the self-employment tax for 1981. The third issue for decision is whether the petitioner is liable for the addition to tax under section 6654 for failure to pay estimated tax. The petitioner has the burden of disproving the Commissioner's determination as to an addition to tax under section 6654. Rule 142(a), Tax Court Rules of Practice and Procedure[2]; Hartley v. Commissioner,23 T.C. 353, 360 (1954). Since he has made no effort to disprove the Commissioner's determination, *279 we sustain such determination.
The fourth issue for decision is whether the petitioner is liable for the addition to tax for fraud. Section 6653(b) provides that if any part of any underpayment of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to 50 percent of the underpayment. The Commissioner has the burden of proving, by clear and convincing evidence, that some part of the underpayment for each year was due to fraud. Sec. 7454(a); Rule 142(b); Levinson v. United States,496 F.2d 651, 654-655 (3d Cir. 1974); Miller v. Commissioner,51 T.C. 915, 918 (1969). The Commissioner will carry his burden if he shows that the taxpayer intended to evade taxes which he knew or believed that he owed by conduct intended to conceal, mislead, or otherwise prevent the collection of such taxes. Stoltzfus v. United States,398 F.2d 1002, 1004 (3d Cir. 1968); Webb v. Commissioner,394 F.2d 366, 377-378 (5th Cir. 1968), affg. a Memorandum Opinion of this Court; Acker v. Commissioner,26 T.C. 107, 111-112 (1956). *280 The existence of fraud is a question of fact to be resolved upon consideration of the entire record. Gajewski v. Commissioner,67 T.C. 181, 199 (1976), affd. without published opinion 578 F.2d 1383 (8th Cir. 1978).Fraud is never presumed, but rather must be established by affirmative evidence. Beaver v. Commissioner,55 T.C. 85, 92 (1970). Circumstantial evidence is permitted where direct evidence of fraud is not available. Spies v. United States,317 U.S. 492, 499 (1943); Rowlee v. Commissioner,80 T.C. at 1123; Gajewski v. Commissioner,67 T.C. at 200. Fraud may properly be inferred where an entire course of conduct establishes the necessary intent. Rowlee v. Commissioner,supra;Stone v. Commissioner,56 T.C. 213, 223-224 (1971). The precise amount of underpayment resulting from fraud need not be proved. Otsuki v. Commissioner,53 T.C. 96, 105 (1969). The statute requires only a showing that "any part" of an underpayment results from fraud. However, the Commissioner must show fraud resulting in an underpayment for each *281 taxable year in which fraud has been asserted. Otsuki v. Commissioner,supra.
In the present case, the evidence in the record clearly and convincingly establishes that the petitioner fraudulently underpaid his Federal income tax for 1981. He properly filed returns for years prior to 1980; yet, the documents that he submitted for 1981 clearly did not constitute a return within the meaning of section 6011 and the regulations thereunder. See Beard v. Commissioner,supra;Jarvis v. Commissioner,78 T.C. 646 (1982); Thompson v. Commissioner,78 T.C. 558 (1982). While failure to file is not, in and of itself, conclusive evidence of fraud, such failure may properly be considered in connection with other facts in determining whether an underpayment of tax is due to fraud. Habersham-Bey v. Commissioner,78 T.C. 304, 312 (1982); Grosshandler v. Commissioner,75 T.C. 1, 19 (1980). In the present case, the petitioner was an educated individual, and as evidenced by his filing of proper Federal tax returns in prior years, he was fully aware of his obligation to file a return for 1981, *282 to report all of his income thereon, and to pay tax on such income. He knew, or should have known, that he was taxable on his earned income and not entitled to a deduction for it. His claiming of a deduction for his earned income was not an oversight, nor was it due to negligence; it represented a deliberate attempt to evade the payment of the tax due thereon. In addition, he refused to cooperate with the Commissioner's agent during his examination of the petitioner's 1981 tax liability. Powell v. Granquist,252 F.2d 56, 60 (9th Cir. 1958). The petitioner's actions can only be described as constituting a deliberate and purposeful attempt to fraudulently underpay his Federal income tax for 1981. See Habersham-Bey v. Commissioner,supra at 310-314; Gajewski v. Commissioner,67 T.C. at 199-202; Kessler v. Commissioner,39 B.T.A. 646, 652-654 (1939). For the foregoing reasons, we hold that the Commissioner has, by clear and convincing evidence, proved that underpayment of the petitioner's 1981 tax was due to fraud. The fifth issue for decision is whether the United States is entitled to an award of damages under *283 section 6673. Section 6673, as applicable to this case, provides: Whenever it appears to the Tax Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceedings is frivolous or groundless, damages in an amount not in excess of $5,000 shall be awarded to the United States by the Tax Court in its decision. * * * This Court has been faced with numerous cases, such as this one, wherein taxpayers have advanced various frivolous and groundless positions in a blatant attempt to avoid their responsibility to pay their fair share of Federal income taxes. An award of damages is particularly appropriate in the present case. The petitioner has been before the Court previously; he presented his argument that his earned income was not taxable, and that argument was rejected. Thus, the petitioner in this case has abused the processes of this Court and wasted its resources by requiring us to consider the same frivolous argument for the second time. On the basis of the record, we conclude that the proceedings herein were instituted primarily for delay and that the petitioner's position is both frivolous *284 and groundless, and we accordingly award damages to the United States under section 6673 in the amount of $5,000. Decision will be entered under Rule 155.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 as in effect during 1981, unless otherwise indicated.↩
2. Any reference to a Rule is to the Tax Court Rules of Practice and Procedure.↩